WILLIAMSPORT PLANING MILL CO., A CORPORATION IN LIQUIDATION, RELATOR, v. BOARD OF EDUCATION OF THE CITY OF PATERSON, IN THE COUNTY OF PASSAIC AND STATE OF NEW JERSEY, A MUNICIPAL CORPORATION INCORPORATED UNDER THE LAWS OF THE STATE OF NEW JERSEY, RESPONDENT.

Submitted May 4, 1943—Decided June 30, 1943.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and COLIE.

For the relator, *Kristeller & Zucker* (*Saul J. Zucker.*)

For the respondent, *Harold D. Green* and *Joseph Coult.*

The opinion of the court was delivered by

BODINE, J. This case comes before us on a demurrer to an alternative writ of *mandamus*.

The facts in the case are fully stated in the opinion of this court in *Williamsport Planing Mill Co.* v. *Maryland Casualty Co.*, 129 *N. J. L.* 333.

The Board of Education of Paterson awarded a contract for the construction of a public school in that city. The contractor became insolvent and this court held that there had not been a sufficient acceptance of the building by a resolution of the Board of Education of July 11th, 1940, to justify an action on the contractor's bond. It followed that the relator here could not then maintain an action against the contractor under the provisions of law to be found in *N. J. S. A.* 2:60-207 *et seq.* *Yale & Towne Manufacturing Co.* v. *Aetna Casualty, &c., Co.*, 110 *N. J. L.* 592; *John P. Callaghan, Inc.*, v. *Continental Casualty Co., Id.* 390; *Johnson Service Co.* v. *American Employers' Insurance Co.*, 113 *Id.* 494; *Collins* v. *Metropolitan Casualty Insurance Co.*, 114 *Id.* 93.

The demurrer challenges the right of the relator, a subcontractor, to compel by *mandamus* acceptance of the building by the Board, if a proper case can be made out. If the relator cannot so do, it is without a remedy upon the bond given in order to secure payment for the materials furnished upon the work. *Monahan* v. *Seaboard Surety Co.*, 126 *N. J. L.* 148.

Although the bond is primarily to secure the public it is, secondarily, for the benefit of sub-contractors furnishing labor and materials upon a public work. *Newman* v. *Maryland Casualty Co.*, 112 *N. J. L.* 122.

The demurrer must be overruled. The Board of Education should make an adequate return. By evasive action it will not be permitted to defeat a sub-contractor's right against the surety upon a contract made pursuant to the statute.

The demurrer is overruled, with costs.